UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE, ET AL. | SECTION I |

**ORDER & REASONS**

Before the Court is defendant Chukwudi Ofomata's ("Ofomata") motion[1] to continue the trial date. For the following reasons, the motion is granted.

**I.**

This case arises out of an armored truck robbery and the murder of Hector Trochez, which occurred on December 18, 2013. On November 9, 2017, a grand jury returned a four-count superseding indictment against defendants Lilbear George, Jeremy Esteves, Curtis Johnson, Jr., Robert Brumfield, III, Jasmine Theophile, and Ofomata.[2] The trial was originally scheduled for January 8, 2018.[3]

On December 12, 2017, the Court granted the government's first unopposed motion to continue, and the trial was reset for July 9, 2018.[4] Two months later, on February 2, 2018, the Court granted the government's second unopposed motion to continue, and the trial was reset for October 9, 2018.[5] Finally, on May 22, 2018, the

---

[1] R. Doc. No. 174.
[2] *See generally* R. Doc. No. 23.
[3] *See, e.g.*, R. Doc. No. 48, at 1 (the minute entry from Ofomata's arraignment)
[4] R. Doc. No. 66; R. Doc. No. 67, at 2.
[5] R. Doc. No. 103; R. Doc. No. 105, at 2.

Court granted the government's third unopposed motion to continue.[6] At a subsequent status conference, the trial was reset for January 28, 2019.[7]

On August 31, 2018, the government filed notices of its intent to seek the death penalty as to three of the six defendants—Lilbear George, Curtis Johnson, Jr., and Ofomata.[8] In October 2018, Ofomata filed his first motion to continue, asserting that, because the United States Attorney General had authorized the case for capital prosecution, he would need additional time to prepare for trial.[9] In support of a continuance, Ofomata argued that much discovery remained to be conducted; the motions practice was likely to be more detailed and complex now that the government was seeking the death penalty; and conducting a mitigation investigation, which is an integral part of a defendant's preparation in a capital case, would take more time than the scheduling order allowed. Ofomata requested that the trial be continued to October 5, 2020, at the earliest.[10] The government opposed the motion.[11]

At an October 30, 2018 status conference held to discuss Ofomata's first motion to continue, Ofomata and the government reached a compromise, agreeing that they would present to the Court a mutually agreed upon trial date sometime near the end of 2019.[12] Consequently, Ofomata submitted the present motion to continue,

---

[6] R. Doc. No. 130; R. Doc. No. 135, at 1.
[7] R. Doc. No. 139, at 1.
[8] R. Doc. Nos. 147, 148, 149. Robert Brumfield, III has never appeared before this Court. His whereabouts are unknown, and he is considered a fugitive.
[9] R. Doc. No. 158, at 1.
[10] R. Doc. No. 158-1, at 1.
[11] *See generally* R. Doc. No. 169.
[12] R. Doc. No. 170, at 2.

indicating that he and the government have agreed upon a new trial date of November 4, 2019.[13] The only party who opposes the motion is defendant Jeremy Esteves ("Esteves").[14] Noting that he is not a capital defendant and, therefore, he does not need to prepare a capital defense, Esteves argues that another continuance would violate his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment.[15]

As an initial matter, Esteves's opposition argues against the previously requested October 5, 2020 trial date. He argues that an October 2020 trial would result in an unreasonable and excessive gap of almost thirty-five months between indictment and trial.[16] However, the Court has already rejected a 2020 trial date. Since then, Ofomata and the government have requested a new trial date of November 4, 2019—shortening the proposed continuance by approximately eleven months.

Although Esteves filed his opposition after Ofomata submitted his second motion to continue requesting a November 2019 trial date, Esteves has not acknowledged the date change or explained why he believes that the most recent

---

[13] R. Doc. No. 174, at 2.
[14] *Id.*
[15] R. Doc. No. 177, at 1–2. Esteves has also filed a motion to sever his trial from that of his codefendants. *See generally* R. Doc. No. 168. In the motion to sever, Esteves cited his Sixth Amendment right to a speedy trial. *Id.* at 5. He argued that, if the Court denies his motion to sever and grants Ofomata's motion to continue, his speedy trial rights would be violated by the continuance. *Id.* In a December 3, 2018 telephone conference, Esteves clarified that, with respect to the motion to sever and the motion to continue, he is asserting both his statutory and constitutional speedy trial rights. *See* R. Doc. No. 197, at 2.
[16] R. Doc. No. 177, at 1–2.

3

requested continuance is unreasonable. The Court will nevertheless address why a November 4, 2019 trial date does not violate Esteves's right to a speedy trial under either the Speedy Trial Act or the Sixth Amendment.

## II.

### A.

"The Speedy Trial Act, which is designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in bringing prompt criminal proceedings, requires that a defendant's trial commence within seventy days from his indictment or initial appearance, whichever is later." *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007) (citing 18 U.S.C. § 3161(c)(1)).[17] Certain actions toll the seventy-day clock. *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007); 18 U.S.C. § 3161(h). For example, the Speedy Trial Act provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). In other words, "the excludable

---

[17] Esteves and his codefendants were indicted on November 2, 2017. R. Doc. No. 1. On November 9, 2017, the government filed a superseding indictment, but it contained no new charges. R. Doc. No. 23. The Fifth Circuit has held that "[t]he filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses." *United States v. Gonzalez*, 879 F.2d 1312, 1316 (5th Cir. 1990). "The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment, whichever was later, and all speedy-trial exclusions apply as if no superseding indictment had been returned." *Id.* Also, in a multi-defendant case, the speedy-trial clock does not begin to run until the last defendant makes his initial appearance. *United States v. Calle*, 120 F.3d 43, 46 (5th Cir. 1997).

delay of one codefendant may be attributable to all codefendants." *Stephens*, 489 F.3d at 654. "Attribution of the excludable delay of one codefendant to another codefendant is not, however, automatic; rather, the period of delay must be reasonable." *Id.*

No motion for severance has been granted in this case.[18] Consequently, if the Court grants the present motion to continue, the resulting delay will constitute excludable time attributable to Esteves—so long as the length of the delay is reasonable. *See United States v. Bieganowski*, 313 F.3d 264, 281 (5th Cir. 2002). ("[T]he Act excludes from the calculation of the seventy-day limit any delay resulting from the proper grant of a continuance requested by a co-defendant.").

Reasonableness can be measured by reference to "either (1) 'the totality of the circumstances prior to trial'; or (2) 'the actual prejudice suffered by the [defendant] as a result of the delay.'" *Id.* "In examining the totality of the circumstances of the case, [the] inquiry focuses on the necessity of the delay, giving proper consideration 'to the purpose behind subsection (h)[(6)]—'accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *Bieganowski*, 313 F.3d at 283 (quoting *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998)). "In weighing prejudice, on the other hand, 'relevant considerations include whether the delay impaired the [defendant's] ability to defend himself or resulted in excessive pretrial incarceration.'" *Id.*

Neither prong of the subsection (h)(6) inquiry supports Esteves's assertion that the proposed continuance is unreasonable. The Court has already concluded that

---

[18] On this date, the Court denied Esteves's motion to sever.

a compelling reason to continue the January 2019 trial date exists.[19] Three of Esteves's codefendants are capital defendants, and an attorney for a capital defendant must "conduct a 'reasonably substantial, independent investigation' into potential mitigating circumstances" to prepare for the sentencing hearing. *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002) (quoting *Baldwin v. Maggio*, 704 F.2d 1325, 1332–33 (5th Cir. 1983)). In fact, the ABA has issued guidelines regarding an attorney's obligations to his or her client in a capital case, and the guidelines require an extensive investigation into the defendant's life.[20] The United States Supreme Court has explained that death-penalty mitigation investigations often include examining a defendant's medical history, educational history, employment and training history, family and social history, prior adult and juvenile correctional experience, and religious and cultural influences. *See Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (citing ABA Guidelines for the Appointment & Performance of Counsel in Death Penalty Cases 11.4.1(C) (1989)). After the October 30, 2018 status conference, and upon review of Ofomata's first motion to continue, the Court found that extensive mitigation remains to be conducted by Esteves's codefendants, which warrants a continuance.[21]

---

[19] *See* R. Doc. No. 170, at 1.
[20] *See* R. Doc. No. 158-2, at 9–13; *see generally* ABA Guidelines for the Appointment & Performance of Counsel in Death Penalty Cases (2003).
[21] R. Doc. No. 170, at 1. When making its initial decision to continue the trial date, the Court also considered it significant that Ofomata's counsel must investigate the facts underlying one of the nonstatutory factors that the government intends to prove at the penalty phase of the trial—namely that Ofomata previously participated in another murder that was never adjudicated. *See id.*

According to Kevin McNally, director of the Federal Death Penalty Resource Counsel Project, the average time between the date on which the government files its notice of intent to seek the death penalty and the trial in federal capital cases is approximately 16.4 months.[22] In this case, a November 4, 2019 trial date results in a comparable period of less than 15 months.[23] The Court recognizes that the scheduling order in this case cannot be rigidly dictated by the schedules of other federal courts, but the fact that 15 months is below the average time between notice and trial in federal capital cases weighs in favor of a finding of reasonableness. "[A] defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense." *Powell v. State of Ala.*, 287 U.S. 45, 59 (1932). It is critical that the Court provides the defendants for whom the government seeks the death penalty enough time to prepare for both phases of the trial.

Additionally, and considering the purpose behind subsection (h)(6), "[t]he utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy." *Franklin*, 148 F.3d at 457 (concluding that the district court's pretrial delay was not unreasonable, in part because it was necessary to achieve a joint trial). Several of the defendants in this case—including Esteves—were

---

[22] R. Doc. No. 158-1, at 3 (declaration of Kevin McNally). The Federal Death Penalty Resource Counsel Project is "funded and administered under the Criminal Justice Act by the Defender Services Office of the Administrative Office of the United States Courts." *Id.* at 1.

[23] As the Court has already explained, the government filed it notices of intent to seek the death penalty on August 31, 2018.

charged in three of the four counts set forth in the superseding indictment, one of which alleges a conspiracy to commit robbery.[24] A joint trial permits the government "to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *Id.* at 458 (citations omitted). The government has stated that it intends to prove that Esteves "played a significant role in the robbery."[25] The government also contends that, at trial, "Esteves and his co-defendants will be exposed to much of the same evidence because they participated in the same conspiracy."[26] The substantial overlap between the accusations against Esteves and those against several of his codefendants weighs in favor of granting the continuance to achieve a joint trial.

The complexity of the case also bears on the Court's determination as to whether the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii). Several times now, the Court has emphasized the complex nature of this case.[27] Considering subsection (h)(6)'s goal, and the importance of the continuance, the Court finds that the totality of the circumstances warrants a finding that the proposed pretrial delay is reasonable.

Furthermore, Esteves has failed to show actual prejudice. He argues that "witnesses may pass away, memories will fade, and records will deteriorate."[28] This

---

[24] *See generally* R. Doc. No. 23.
[25] R. Doc. No. 189, at 17.
[26] *Id.* at 17–18.
[27] *See, e.g.*, R. Doc. No. 105, at 1; R. Doc. No. 135, at 1.
[28] R. Doc. No. 177, at 2.

8

argument is too speculative. *See United States v. Davis*, No. 07-1995, 2009 WL 3488052, at *7 (N.D. Tex. Oct. 28, 2009) (noting that, to establish prejudice based on an impairment to a defense, the "movant must show an 'actual, substantial prejudice to the defense at trial . . . a showing of mere potential or possible trial prejudice does not suffice") (quoting *United States v. Jackson*, 549 F.3d 963, 970 (5th Cir. 2008), *cert. denied*, 558 U.S. 828 (2009)).

Esteves also argues that a lengthy delay will impact his employment, housing, and social prospects and cause him stress and anxiety.[29] Of note, Esteves has not objected to any of the motions to continue granted thus far. Even though he has been detained since November 13, 2017,[30] and he has presumably suffered the same prejudices he now alleges in support of his opposition, Esteves did not object to continuing the trial in December of 2017 and then again in February and May of 2018. Esteves's conjectures are simply insufficient to establish actual prejudice. Indeed, if generic and hypothetical prejudice were enough to overcome the proposed continuance, the Court would be compelled to deny virtually *any* opposed motion to continue.[31]

---

[29] *Id.*

[30] *See* R. Doc. No. 39, at 1 (the minute entry from Esteves's arraignment, during which he was remanded to the custody of the United States Marshals Service).

[31] As an aside, in his opposition, Esteves asserts that he does not need additional time to prepare for trial and that he can be ready for trial on January 28, 2019, the current trial date. R. Doc. No. 177, at 1, 2. However, on December 18, 2018, Esteves submitted a document to the Court, which was filed under seal, that suggests otherwise. The Court can state, without compromising the document's confidentiality, that with respect to preparing his defense, Esteves has represented to the Court that he must still conduct extensive investigative work and pretrial preparation. Esteves's filing strongly suggests that he would benefit from a continuance in this case.

In summary, the Court finds that the delay caused by the requested continuance is reasonable. Esteves argues that the reasons for Ofomata's motion to continue do not apply to him because he does not need to conduct a mitigation investigation.[32] However, this argument misunderstands § 3161(h)(6). Having concluded that the proposed continuance is reasonable, the delay is attributable to Esteves. Consequently, the attributable delay is excludable from Esteves's seventy-day speedy-trial calculation, and granting the present motion does not violate his Speedy Trial Act rights.

## B.

The Court must now determine whether granting the motion to continue will violate Esteves's constitutional right to a speedy trial, which is afforded by the Sixth Amendment. U.S. CONST. amend. VI; *United States v. Frye*, 372 F.3d 729, 734 (5th Cir. 2004) (hereinafter "*Frye I*"). The Supreme Court has articulated four factors to consider when evaluating Sixth Amendment speedy trial claims. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). Pursuant to *Barker*, the Court must balance the following factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice to the defendant. *Id.* The factors "must be considered together with such other circumstances as may be relevant." *Id.* at 533. They "have no talismanic qualities." *Id.* Rather, the Court "must . . . engage in a difficult and sensitive balancing process." *Id.*

---

[32] R. Doc. No. 177, at 2.

Courts only undertake a *Barker* analysis, however, if the length of the delay is presumptively prejudicial. *Frye I*, 372 F.3d at 736. In this way, the first *Barker* factor "performs a dual function." *Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011) (quoting *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993)). Initially, the length-of-delay factor "serves as a threshold requirement, for a defendant's right to a speedy trial is implicated only where the government has failed to prosecute his case with customary dispatch." *Nelson*, 989 F.2d at 851 (citing *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). "If the defendant succeeds in establishing that 'the interval between accusation and trial has crossed the line dividing ordinary from "presumptively prejudicial" delay,' [the court] 'must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *Id.* (quoting *Doggett*, 505 U.S. at 652).

Accordingly, the Court must first determine whether granting the present motion would cause a presumptively prejudicial delay. The Fifth Circuit considers a one-year delay to be presumptively prejudicial. *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003). If the Court grants the present motion and continues the trial to November 4, 2019, approximately twenty-four months will pass between the date that Esteves was indicted, November 2, 2017, and the trial.[33] Because the

---

[33] R. Doc. No. 1. For Sixth Amendment purposes, "[t]he defendant's right to a speedy trial 'attaches at the time of the arrest or indictment, whichever comes first.'" *Amos*, 646 F.3d at 206 (quoting *Nelson*, 989 F.2d at 851). Esteves was arrested on November 3, 2017. *See* R. Doc. Nos. 6, 10. However, he was indicted the day before his arrest, so the speedy-trial clock began to run on the date he was indicted, November 2, 2017.

length of the delay exceeds one year, the Court must undertake a full *Barker* analysis. *See United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006) ("A full-fledged four-factor analysis is warranted here because the total time from indictment to trial exceeded one year.")

When conducting a full *Barker* analysis, "a court determines whether 'the first three Barker factors weigh so heavily in favor of the defendant that prejudice is to be presumed.'" *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007) (hereinafter "*Frye II*") (quoting *Serna-Villarreal*, 352 F.3d at 231). "If prejudice is presumed, the Government can overcome that by 'showing that the presumption is extenuated . . . or rebutting the presumption with evidence.'" *Id.* (quoting *Frye I*, 372 F.3d at 736). "But if the first three factors do not weigh so heavily as to justify a presumption of prejudice, then the defendant bears the burden of both establishing actual prejudice and demonstrating that such prejudice is sufficient to outweigh the other three factors." *Id.*

The twenty-four month delay in this case is too short to weigh in favor of presuming prejudice. *See Serna-Villarreal*, 352 F.3d at 232 (holding that a delay of three years and nine months did not weigh in the defendant's favor and explaining that the Fifth Circuit "and others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years"); *Frye II*, 489 F.3d at 210 (holding that a forty-seven month delay did not weigh in favor of establishing a presumption of prejudice); *Amos*, 646 F.3d at 206 (concluding that a delay of just

over sixteen months did not weigh in favor of the defendant). The Court concludes that the first factor weighs against Esteves.

The second factor is primarily concerned with the justification for the delay. *Laws v. Stephens*, 536 F. App'x 409, 413 (5th Cir. 2013). "In examining the reasons for the delay, [courts] must heed the Supreme Court's warning that 'pretrial delay is often both inevitable and wholly justifiable.'" *United States v. Neal*, 27 F.3d 1035, 1043 (5th Cir. 1994) (quoting *Doggett*, 505 U.S. at 656)). Esteves has not challenged the legitimacy of the reasons for any of the continuances granted thus far.[34] Esteves has also not accused the government of deliberately prejudicing the defendants through delays; nor has he accused the government of mere negligence. Moreover, although the government was the movant behind the three prior continuances, Esteves agreed to all of them. As to the delay that would result from granting the present motion, the Court has already concluded that such delay is not only reasonable, but crucial to allow Esteves's codefendants to adequately prepare for trial. "At most, then, the second factor is neutral." *Laws*, 536 F. App'x at 413; *see also United States v. Schreane*, 331 F.3d 548, 557 (6th Cir. 2003).[35]

---

[34] Delays designed "to hamper the defense" are "weighted heavily against the government." *Barker*, 407 U.S. at 531. On the other hand, more neutral reasons for delay, such as "negligence or overcrowded courts," are weighted "less heavily." *Id.* Of course, valid reasons, "such as a missing witness, should serve to justify appropriate delay" and will not count against the government. *Id.*

[35] As an aside, every time the Court has granted a motion to continue in this case, it has first determined that the ends of justice served by continuing the case outweigh the best interest of the public and the defendants in a speedy trial, in accordance with the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A). At the time of the first motion to continue, the Court concluded that the death penalty authorization process mandated by the United States Department of Justice could not be completed by the original

Because Esteves did not object to any of the previous continuances, he cannot be said to have fiercely asserted his speedy trial rights such that the third factor weighs in his favor. *See Frye II*, 489 F.3d at 211 (explaining that the assertion of the right to a speedy trial "is a demand for a speedy trial, which will generally be an objection to a continuance or a motion asking to go to trial"); *Laws*, 536 F. App'x at 414 ("Because Laws insufficiently and inconsistently asserted his speedy-trial rights, the third *Barker* factor supports the State."); *cf. United States v. Moreno*, No. 15-76, 2017 WL 2256811, at *7 (E.D. La. May 23, 2017) (Engelhardt, J.) (holding that the third *Barker* factor did not weigh in the defendant's favor because he had previously either joined in requests for continuances or moved for a continuance); *United States v. Jackson*, No. 12-1, 2014 WL 121976, at *5 (E.D. La. Jan. 13, 2014) (Feldman, J.) (concluding, based on the record, that the defendant did not "seriously wish to be tried promptly" because, among other things, he filed several pretrial motions, joined in two motions to continue, and agreed to the scheduling order then in effect). The third factor weighs in favor of the government.

---

trial date. R. Doc. No. 67, at 1. As to the second motion, the Court made the same finding, although it also found that the particular complexities posed by a capital case made the trial date unreasonable. R. Doc. No. 105, at 1–2. The Court granted the third motion, in part, because the government was still awaiting the Attorney General's authorization to seek the death penalty as to the defendants. R. Doc. No. 135, at 1. The Court also highlighted the number of defendants, the complexity of the case, and the nature of the prosecution, and it concluded that more time was necessary to permit *all* parties to prepare for trial. *Id.* at 1. At a status conference held one month later, everyone—including Esteves—agreed to a new trial date. *See* R. Doc. No. 139, at 1.

In sum, the Court finds that the first three *Barker* factors weigh against a presumption of prejudice, and Esteves must, therefore, make a showing of actual prejudice. Actual prejudice is assessed in light of the three interests that the speedy-trial right was "designed to protect": "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532; *see also Amos*, 646 F.3d at 208. "[T]he most serious [interest] is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

However, as the Court concluded when analyzing Esteves's objection under the Speedy Trial Act, his conjecture as to the prejudice he might suffer, in theory, does not suffice to establish actual prejudice. Esteves has not actively asserted his speedy trial rights until now. Additionally, Esteves has not suggested that the reasons for any of the prior delays were improper. He does argue that he will suffer negative consequences because of his prolonged incarceration, but "[a] lengthy pretrial incarceration does not inherently offend a defendant's liberty interests." *Frye II*, 489 F.3d at 213; *see also Moreno*, 2017 WL 2256811, at *7 (holding that the defendant's argument that he is incarcerated and claiming his innocence "is hardly sufficient to demonstrate that [he] . . . suffered actual prejudice").

Esteves also argues that he will suffer stress and anxiety as a result of the requested continuance. "[T]he Supreme Court has suggested that living 'under a cloud of suspicion and anxiety' for four years constitutes only 'minimal' prejudice

15

absent an effect on a defendant's trial." *Laws*, 536 F. App'x at 414 (quoting *Barker*, 407 U.S. at 534). Thus, the anxiety that Esteves may experience during the approximate nine-month delay that results from resetting the trial date to November 4, 2019 does not establish actual prejudice. *See Frye II*, 489 F.3d at 213 ("[B]ecause the length of delay weighed against the government is so minor, and because Frye offered no evidence beyond his own testimony that he suffered anxiety, Frye's anxiety does not justify finding a speedy trial violation").

Finally, and most importantly, Esteves has failed to show how his defense will be impaired by the eleven-month delay that will result if the Court grants the present motion. His general assertion that witnesses may pass away, memories will fade, and records will "deteriorate" does not demonstrate any actual prejudice. *See, e.g., Loud Hawk*, 474 U.S. at 315 ("[The] *possibility* of prejudice is not sufficient to support respondents' position that their speedy trial rights were violated.") (emphasis added); *Schreane*, 331 F.3d at 558 (rejecting the defendant's argument that he suffered prejudice because a witness's testimony was "cloudy," that his "partner in crime" was missing at the trial, that his memory had "dimmed," and that there may have been "a loss of exculpatory evidence"). Esteves has not provided any concrete way in which his defense will be hindered by the Court's granting the present motion, and he has not demonstrated any prejudice sufficient to overcome the other three *Barker* factors.

The Court concludes that Esteves's Sixth Amendment speedy trial objection fails. *See Bieganowski*, 313 F.3d at 284 (observing that "[i]t will be the unusual case

. . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated").

## III.

Esteves is the only party who objects to the present motion. Having concluded that the requested continuance is reasonable, and that it will not violate Esteves's statutory or constitutional speedy trial rights, the Court accepts Ofomata's otherwise unopposed proposed trial date of November 4, 2019.

Accordingly,

**IT IS ORDERED** that the motion to continue is **GRANTED** and that the trial currently set for January 28, 2019 at 8:30 A.M. is **CONTINUED** to **NOVEMBER 4, 2019** at **8:30 A.M.**

**IT IS FURTHER ORDERED** that a pretrial conference is scheduled for **TUESDAY, SEPTEMBER 24, 2019** at **9:00 A.M.**

**THE COURT SPECIFICALLY FINDS** that, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice served by continuing the trial outweigh the best interest of the public and the defendants in a speedy trial. The continuance is necessary to allow the capital defendants to adequately prepare for both phases of the trial considering the complex nature of the case as well as the extensive mitigation investigations that need to be conducted.[36]

---

[36] The Court seriously questions Esteves's contention that he will be prepared for trial on the currently scheduled trial date, January 28, 2019. For an explanation, refer to the Court's commentary in footnote 31.

**THE COURT SPECIFICALLY FINDS** that the period of delay resulting from the continuance is reasonable and that, pursuant to Title 18, United States Code, Section 3161(h)(6), the delay can be attributed to all the defendants in this case.

New Orleans, Louisiana, December 27, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**