# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| JEREMY ESTEVES | SECTION I |

## ORDER

Before the Court is the government's motion[1] to strike as untimely defendant Jeremy Esteves's ("Esteves") motion in limine[2] to preclude the introduction of non-self-inculpatory statements allegedly made by defendant Robert Brumfield, III ("Brumfield").[3]

Following the discussion that the Court had with the parties at an in-chambers conference on September 16, 2019, any defendant who intended to object to the admissibility of certain statements allegedly made by Esteves, Brumfield, and defendant Lilbear George ("George") was ordered to file a response to the government's memorandum[4] addressing the admissibility of such statements by

---

[1] R. Doc. No. 585.
[2] R. Doc. No. 578.
[3] Pursuant to the Third Amended Scheduling Order, the deadline to file motions in limine was September 20, 2019. R. Doc. No. 321, at 2.
[4] R. Doc. No. 526.

1

September 26, 2019.[5] Esteves filed a response[6] with respect to the admissibility of statements allegedly made by George and a separate motion in limine[7] with respect to statements allegedly made by Brumfield.

In light of the Court's September 16, 2019 order, the Court will consider Esteves's motion in limine as a response to the government's memorandum addressing the admissibility of such statements.

Accordingly,

**IT IS ORDERED** that Esteves's motion in limine is **DISMISSED WITHOUT PREJUDICE**, preserving Esteves's right to re-urge his arguments at trial.

**IT IS FURTHER ORDERED** that the government's motion to strike is **DISMISSED AS MOOT**.

New Orleans, Louisiana, September 30, 2019.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[5] *See* R. Doc. No. 552. Specifically, the Court's order stated:
> Each defendant who intends to object to the admissibility of the statements, in whole or in part, should discuss whether each specific statement at issue is "individually self-inculpatory" as to the defendant who made the statement subject to the requirements of Federal Rule of Evidence 804(b)(3), and whether there are other evidentiary issues that would bar admissibility.

*Id.* at 2 (citing *Williamson v. United States*, 512 U.S. 594, 599–601 (1994)).
[6] R. Doc. No. 571.
[7] R. Doc. No. 578.