# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-201** |
| **JEREMY ESTEVES** | **SECTION I** |

## ORDER & REASONS

Defendant Jeremy Esteves ("Esteves") has renewed his motion[1] for judgment of acquittal, which the government opposes. For the following reasons, the motion is again denied.

### I.

In November 2017, Esteves and codefendants Robert Brumfield, III ("Brumfield"), Lilbear George ("George"), Chukwudi Ofomata ("Ofomata"), Curtis Johnson, Jr. ("Johnson"), and Jasmine Theophile ("Theophile") were charged with offenses arising from the robbery of a Loomis armored truck at a Chase bank on December 18, 2013.[2] The robbery resulted in the death of Loomis guard Hector Trochez ("Trochez") from the use of firearms. Following a seven-day jury trial with Brumfield,[3] Esteves was convicted on November 13, 2019 of all three counts of the four-count second superseding indictment charged against him.[4] Count one charged

---

[1] R. Doc. No. 741.
[2] *See* R. Doc. No. 237.
[3] The trial of George, Ofomata, and Johnson was severed and continued to September 4, 2020. *See* R. Doc. Nos. 537 & 538. In October 2019, Theophile pled guilty to the one count with which she was charged. *See* R. Doc. Nos. 646 & 653.
[4] *See* R. Doc. No. 731.

1

Esteves with conspiracy to commit Hobbs Act robbery, count two charged aiding and abetting a Hobbs Act robbery, and count three charged aiding and abetting the use, carrying, brandishing, and discharge of a firearm during and in relation to a crime of violence that resulted in murder.[5]

Esteves first moved for judgment of acquittal during trial at the close of the government's case-in chief.[6] The Court denied Esteves's motion. Viewing the evidence presented in the light most favorable to the government, the Court concluded that such evidence could be accepted by a jury as adequate and sufficient to support the conclusion of Esteves's guilt beyond a reasonable doubt. *See United States v. Varkonyi*, 611 F.2d 84, 85 (5th Cir. 1980). Considering the extensive testimony of the government's confidential informants, agents from the Federal Bureau of Investigations ("FBI"), officers from the New Orleans Police Department, eyewitnesses, and other individuals connected with the December 18, 2013 armored truck robbery, the Court determined that a rational trier of fact could find, beyond a reasonable doubt, the essential elements of the crimes charged based upon the evidence introduced at trial. *See United States v. Mix*, 791 F.3d 603, 612 (5th Cir. 2015).

Esteves has renewed his motion for judgment of acquittal on the grounds of insufficient evidence to support the jury's verdict.

---

[5] R. Doc. No. 237.
[6] *See* R. Doc. No. 725.

## II.

### A.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)). A review of the sufficiency of the evidence is "highly deferential" to the jury's verdict, and all reasonable inferences and credibility choices are to be made in support of a conviction. *United States v. Isgar*, 739 F.3d 829, 835 (5th Cir. 2014). The reviewing court "must assume that the evidence offered by the prosecution is true." *Lopez-Monson*, 850 F.3d at 206 (citing *United States v. Rojas Alvarez* 451 F.3d 320, 326 (5th Cir. 2006)). The jury's verdict will be affirmed unless no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt. *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014) (citations omitted).

When considering a motion for judgment of acquittal, the reviewing court "only ascertains whether the jury made a 'rational decision,' not 'whether the jury correctly determined guilt or innocence.'" *United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir.), *cert. denied*, 138 S. Ct. 413 (2017) (quoting *Lopez-Monzon*, 850 F.3d at 206). "To uphold the conviction, there is no requirement that the evidence exclude every possible 'hypothesis of innocence.'" *Id.* "[A]ny conflict in the evidence must be resolved in favor of the jury's verdict." *United States v. Bates*, 850 F.3d 807, 810 (5th Cir. 2017) (quoting *United States v. Lundy*, 676 F.3d 444, 448 (5th Cir. 2012)). "If the jury was

3

presented with sufficient evidence to support its verdict, the verdict must be upheld." *Zamora-Salazar*, 860 F.3d at 832.

**B.**

*i. Count One: Conspiracy to Commit Hobbs Act Robbery*

To convict a defendant of conspiracy to commit Hobbs Act robbery, the government must prove that: 1) the defendant and at least one other person agreed to commit a Hobbs Act robbery, 2) the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose, and 3) one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts charged in order to accomplish some object or purpose of the conspiracy.[7]

Esteves asserts that there was no evidence presented that he agreed with any other person to commit a Hobbs Act robbery or that he "even knew a conspiracy to commit an armored truck robbery existed."[8] Esteves's argument centers on the testimony of Cedric Wade ("Wade"), whose credibility Esteves called into doubt at trial. Notwithstanding, Esteves contends that there was insufficient evidence from

---

[7] *See United States v. Harrell*, 629 F. App'x 603, 604–05 (5th Cir. 2015) ("To prove a [Hobbs Act] conspiracy, the prosecution must show 'an agreement between two or more persons to commit a crime, and an overt act by one of the conspirators' to further the conspiracy.") (quoting *United States v. Box*, 50 F.3d 345, 349 (5th Cir. 1995*)); see also Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016) ("In order to establish the existence of a conspiracy to violate the Hobbs Act . . . [i]t is sufficient to prove that the conspirators agreed that the underlying crime *be committed* by a member of the conspiracy who was capable of committing it. In other words, each conspirator must have specifically intended that *some conspirator* commit each element of the substantive offense.").
[8] R. Doc. No. 741-1, at 3.

4

Wade's testimony to support his Hobbs Act conspiracy conviction. According to Esteves, Wade's testimony "never suggested" that Esteves was aware of the contents of a duffel bag containing "weapons and masks" that Ofomata took out of Wade's home on the morning of the robbery, or that Esteves knew "what was planned for the day."[9]

Esteves's argument with respect to his Hobbs Act conspiracy conviction fails to account for the additional evidence the government presented that demonstrated Esteves's role in the planning and execution of the armored truck robbery at the Chase bank. Wade testified that after Ofomata took out the duffel bag, Wade saw Ofomata get into a Chevrolet Tahoe—the same type of vehicle recorded on surveillance video during the robbery—driven by Esteves, with George and Johnson inside.[10] In addition, the testimony of government informant Jamell Hurst ("Hurst") established that Esteves and his codefendants had planned the robbery for months by observing the armored truck deliveries at the bank early in the mornings. Corroborating Wade's testimony, Hurst further testified that Esteves told him that Esteves drove Ofomata, George, and Johnson to the Chase bank on December 18, 2013. The government also presented evidence that Esteves had an insider relationship with a female employee at the Chase bank where the robbery occurred, and that Esteves later stored the money from the robbery in shoeboxes at his mother's home. Viewing the evidence in the light most favorable to the jury's verdict, sufficient

---

[9] *See* R. Doc. No. 741-1, at 3.
[10] R. Doc. No. 721, at 26–27.

5

evidence was presented to find each essential element of conspiracy to commit a Hobbs Act robbery beyond a reasonable doubt.

*ii. Count Two: Aiding and Abetting Hobbs Act Robbery*

A conviction for aiding and abetting a Hobbs Act robbery requires the government to prove beyond a reasonable doubt that: 1) a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), was committed by some person, 2) the defendant associated with the criminal venture, 3) the defendant purposefully participated in the criminal venture, and 4) the defendant sought by action to make that venture successful.[11]

To support his argument regarding the insufficiency of evidence with respect to count two, Esteves highlights inconsistences in witness testimony and the alleged lack of evidence identifying Esteves as one of the "masked men" observed at the Chase bank on December 18, 2013.[12] However, "the mere presence of some conflicting evidence in the record does not render a jury verdict improper." *United States v. Bates*, 850 F.3d 807, 810 (5th Cir. 2017). "In fact, 'any conflict in the evidence must be resolved in favor of the jury's verdict.'" *United States v. Bates*, 850 F.3d 807, 810 (5th Cir. 2017) (quoting *United States v. Lundy*, 676 F.3d 444, 448 (5th Cir. 2012)).

The evidence against Esteves established each element of aiding and abetting a Hobbs Act robbery. As stated previously, government witnesses testified to Esteves's participation in not only planning the robbery, but also executing it as the

---

[11] *See* Fifth Circuit Criminal Pattern Jury Instructions § 2.04 (2015); *United States v. Guanespen-Portillo*, 514 F.3d 393, 397 (5th Cir. 2008); *United States v. Branch*, 91 F.3d 699, 732 (5th Cir. 1996).
[12] *See* R. Doc. No. 741-1, at 4.

6

driver of the vehicle to and from the Chase bank. Esteves's participation in the robbery was also supported by evidence from historical cell site location information and the testimony of FBI Special Agent William "Chuck" Williams ("Agent Williams"), which established the general location of Esteves's cell phone at the time the robbery occurred.[13] Based on this evidence, a rational trier of fact could find, beyond a reasonable doubt, the essential elements of the offense with which Esteves was charged in count two.

*iii. Count Three: Aiding and Abetting the Use, Carrying, Brandishing, and Discharge of a Firearm During and in Relation to a Crime of Violence Resulting in Murder*

Esteves summarily asserts that the government did not present any evidence to find him guilty beyond a reasonable doubt of count three, which Esteves characterizes as "the murder of Hector Trochez."[14] The "murder" element of count three is a statutory penalty enhancement that applies to a defendant who, in the course of a violation of 18 U.S.C. § 924(c), causes the murder of a person through the use of a firearm. *See* 18 U.S.C. § 924(j)(1).

A conviction for aiding and abetting murder caused by the use of a firearm, in violation of 18 U.S.C. § 924(j)(1), requires the government to prove that: 1) a firearm

---

[13] The cell site data and Agent Williams's testimony directly contravene Esteves's contention that there was "no evidence submitted to suggest that Mr. Esteves was anywhere near Chase Bank at the time of the armored bank robbery." R. Doc. No. 741-1, at 8.

[14] Esteves's motion only discusses his conviction for count three with respect to "the murder of Hector Trochez." *Id.* at 6. Therefore, the Court will only address the jury's verdict with respect to this statutory penalty enhancement.

7

was knowingly used, carried, brandished, and/or discharged during and in relation to the Hobbs Act robbery, in violation of 18 U.S.C. § 924(c), 2) during the course of the violation of § 924(c), the death of the victim was caused through the use of the firearm, 3) the killing of the victim was murder as defined in 18 U.S.C. § 1111, 4) the defendant associated with the criminal venture, 5) the defendant sought by action to make that venture successful, and 6) the defendant actively participated with advance knowledge that there was a genuine risk that a person might be shot and killed during the Hobbs Act robbery.[15]

Again, the government presented evidence to establish each of these elements beyond a reasonable doubt. The testimony of Wade, Hurst, federal and local law enforcement officers, and other witnesses demonstrated Esteves's role in the armored truck robbery and Trochez's death. While Esteves may attempt to call witness credibility into question, "[the jury] retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). The jury made its credibility determinations and concluded that the evidence supported a finding that Esteves aided and abetted the murder of Trochez in violation of 18 U.S.C. § 924(j)(1). Drawing all reasonable inferences from the evidence to support the jury's verdict, the Court finds that the evidence was sufficient to support the jury's finding with respect to count three.

---

[15] *See* Fifth Circuit Criminal Pattern Jury Instructions § 2.52A (2015); *Rosemond v. United States*, 134 S. Ct. 1240, 1249–51 (2014); *United States v. Gyamfi*, 357 F. Supp. 3d 355, 363 (S.D.N.Y. 2019); *United States v. Branch*, 91 F.3d 699, 732 (5th Cir. 1996).

8

**III.**

Accordingly,

**IT IS ORDERED** that Esteves's motion for judgment of acquittal is **DENIED**.

New Orleans, Louisiana, January 2, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**